UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVIE L. JONES, JR.,

        Petitioner,

                                        Case No. 1:04-cv-309

v.

                                        Hon. Wendell A. Miles

KURT JONES,

        Respondent.

_____/

OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION

On June 11, 2007, Magistrate Judge Hugh W. Brenneman, Jr. issued a report and recommendation (R&R) to deny Petitioner's petition for writ of habeas corpus for failure to exhaust state-court remedies. Petitioner has filed objections to the report and recommendation. For the reasons that follow, the court overrules Petitioner's objections and adopts the Magistrate Judge's report and recommendation.

This court is required to make a de novo review upon the record of those portions of the R&R to which specific objections have been made. 28 U.S.C. § 636(b)(1)(B). The court may accept, reject or modify any or all of the Magistrate Judge's findings or recommendations. Id.

The Magistrate Judge found that Petitioner's present claims I(A) through I(E), II(A) through II(E), and III are procedurally defaulted. (R&R at p.11). Petitioner states as claim I that his "Fifth, Sixth, and Fourteenth Amendment constitutional rights were violated where there was insufficient evidence to convict [petitioner] of second degree murder, armed robbery, and felony firearms. Where the trial court abused its discretion in erroneously admitted [sic] evidence to withstand a direct verdict of acquittal." As claim II, Petitioner states that his "Fifth, Sixth, and

Fourteenth Amendment constitutional right to due process of law was denied; Where the errors and constitutional deprivations that riddled his trial individually and cumulatively denied him the right of a fundamental fair trial by an impartial jury." As claim III, he states that he "was denied his Sixth and Fourteenth Constitutional Amendment rights to the effective assistance of counsel and due process of law." Petitioner argues that these claims are not procedurally barred because the Michigan Court of Appeals addressed their merits rather than dismissing on procedural grounds. The Magistrate Judge further found to be without merit Petitioner's contention that Crawford v. Washington, 541 U.S. 36 (2004) applies retroactively to his case. Petitioner disagrees.

Procedural Default

To determine whether a petitioner procedurally defaulted a federal claim in state court, the Court must consider whether: (1) the petitioner failed to comply with an applicable state procedural rule; (2) the last state court rendering judgment on the claim at issue actually enforced the state procedural rule so as to bar that claim; and (3) the state procedural default is an "independent and adequate" state ground properly foreclosing federal habeas review of the federal constitutional claim. See Hicks v. Straub, 377 F.3d 538, 551 (6th Cir. 2004), cert. denied, 544 U.S. 928 (2005); Lancaster v. Adams, 324 F.3d 423, 436-37 (6th Cir. 2003); Greer v. Mitchell, 264 F.3d 663, 672 (6th Cir. 2001); Buell v. Mitchell, 274 F.3d 337, 348 (6th Cir. 2001).

Petitioner filed a motion for relief from judgment in the state court pursuant to M.C.R. § 6.500, asserting a claim of ineffective assistance of appellate counsel. The trial court denied the motion. Both the Michigan Court of Appeals and Michigan Supreme Court denied his applications for leave to appeal, finding that Petitioner failed to establish that he was entitled to

relief under MCR 6.508(D).  In assessing how "firmly" a state procedural rule has been established, the critical inquiry is whether, viewed from the time of the petitioner's later significant actions or inaction, the petitioner could be deemed to have been apprised of the procedural rule's existence.  Luberda v. Trippett, 211 F.3d 1004, 1006-1007 (6th Cir. 2000).  Because M.C.R. 6.508(D) was enacted in 1989 and Petitioner's conviction and appeals took place some time thereafter, M.C.R. 6.508(D) was a "firmly established" procedural rule for purposes of Petitioner's action.  See, e.g., Hicks v. Straub, 377 F.3d 538, 557 (6th Mich. 2004); Simpson v. Jones, 238 F.3d 399, 407-08 (6th Cir. 2000)**;** Luberda, 211 F.3d at 1007; Rogers v. Howes, 144 F.3d 990, 994 (6th Cir. 1998).

Petitioner's present issues I and II, respectively insufficient evidence and due process violations, were presented to the Michigan Court of Appeals.  The Court of Appeals noted that the claims were not properly before the court because Petitioner failed to include them in his statement of questions presented.  Nonetheless, the Court of Appeals reviewed the issues and found they lacked merit and warranted no further discussion.  (People v. Jones, No. 221690, 2001 WL 1321775 at *6 (Mich. App. Oct. 26, 1001).  However, in this circuit, plain error review does not constitute a waiver of state procedural default rules.  Seymour v. Walker, 224 F.3d 542 (6th Cir. 2000) (citations omitted); Scott v. Mitchell, 209 F.3d 854, 866-68 (6th Cir. 2000); Coe v. Bell, 161 F.3d 320, 330 (6th Cir. 1998) (explaining that state court's alternative holding on the merits does not require federal court to disregard the procedural bar); Paprocki v. Foltz, 869 F.2d 281, 284-85 (6th Cir. 1989) (holding claim is defaulted even where the state court may excuse the default for "manifest injustice").

Crawford v. Washington

Petitioner argues that the state appellate courts' failure to apply Crawford v.

3

Washington, 541 U.S. 36 (2004)[1] retroactively to his case is contrary to established Supreme Court precedent.  However, as the Magistrate Judge correctly noted, in Whorton v. Bockting, – U.S. – , 127 S.Ct. 1173 (2007) the Supreme Court settled this question, holding that because its opinion in Crawford announced a new rule of criminal procedure,  Crawford may not be applied retroactively in federal habeas corpus cases.

## Conclusion

The court, having reviewed the Magistrate Judge's report and recommendation, the relevant portions of the case file, and Petitioner's objections and supporting documents, finds that the Magistrate Judge has made a thorough and accurate review of all appealable issues and agrees with the reasoning and recommended disposition contained in the Report and Recommendation.

Accordingly, the court OVERRULES the Petitioner's objections (docket #45), ADOPTS the Magistrate Judge's Report and Recommendation (docket. #44), and DENIES the Petition for Writ of Habeas Corpus (docket. #1).

So ordered this 30th day of July, 2007.

                                                               /s/ Wendell A. Miles
                                                               Wendell A. Miles
                                                               Senior U.S. District Judge

---

[1] Crawford v. Washington held that "testimonial statements of  witnesses absent from trial" are admissible "only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine [the witness]" 541 U.S. at 59.